UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
Jewel Redhead,                                  :
                                                :
                        Plaintiff,              :           **ORDER DENYING**
                                                :           **CERTIFICATE OF APPEALABILITY**
            -against-                           :           03-CV-6187 (DLI)
                                                :
Conference of Seventh-Day Adventists,           :
                                                :
                        Defendant.              :
-------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

By Order dated July 26, 2006, this court denied defendant's motion for summary judgment with respect to plaintiff's Title VII/Pregnancy Discrimination Act and New York Human Rights Law claims, but granted, without prejudice, defendant's summary judgment motion with regards to plaintiff's Family Medical Leave Act claim.

By letter motion dated August 25, 2006, defendant requests that this court certify the July 26, 2006 Memorandum and Order so that defendant may seek an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Section 1292(b) of Title 28 provides a mechanism for permissive appeals of non-final orders that are otherwise not appealable as of right under § 1291. *National Asbestos Workers Medical Fund v. Philip Morris, Inc.,* 71 F. Supp. 2d 139, 145 (E.D.N.Y. 1999). A district judge has discretion to certify an immediate appeal of an interlocutory order if three statutory requirements are met: (i) a controlling issue of law exists; (ii) that involves substantial ground for difference of opinion; and (iii) immediate appeal will materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b). The district court must then certify that, in its opinion, the criteria are satisfied and shall state so "in writing in such order." *Id*. Here, the court declined to do so in the Order dated July 26,

2006 because the statutory requirements were not met at that time. In light of defendant's letter motion requesting certification, the court again revisits the issue of whether the requirements under section 1292(b) have been fulfilled. For the reasons stated below, defendant's motion is denied.

## Discussion

Under the final judgment rule, appeals must be from final decisions so that decisions are not appealed piecemeal, thus delaying cases and straining already scarce judicial resources. *See Switzerland Cheese Ass'n Inc. V. E. Horne's Market, Inc.,* 385 U.S. 23, 24 (1966). Consequently, the Second Circuit has repeatedly advised that permissive appeals under § 1292(b) should be treated as rarely used exceptions to the final judgment rule. *See e.g. Koehler v. Bank of Bermuda Ltd.,* 101 F.3d 863, 865 (2d Cir. 1996) ("Section 1292(b)'s legislative history reveals that although that law was designed as a means to make an interlocutory appeal available, it is a rare exception to the final judgment rule that generally prohibits piecemeal appeals."). Courts should construe the requirements for certification strictly and only exceptional circumstances will justify certification. *Klinghoffer v. S.N.C. Achille Lauro,* 920 F.2d 21, 25 (2d Cir. 1990).

The Supreme Court defined a final judgment as "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Caitlin v. United States,* 324 U.S. 229, 233 (1945). An order denying summary judgment is not a final judgment and is generally not appealable. *See Clark v. Kraftco Corp.*, 447 F.2d 933 (2d Cir. 1977). However, in considering a request for certification, a district court must carefully assess whether each of the three requirements for certification under 28 U.S.C. § 1292(b) have been met.

A question of law is "controlling" if reversal of the district court's order would terminate the action or if the certified issue has precedential value for a large number of cases. *See Klinghoffer*,

920 F.2d 21 at 24-25. The order being appealed from in this case denied defendant's summary judgment motion concluding that the ministerial exception under the First Amendment did not apply as a matter of law because plaintiff's teaching duties were primarily secular, and those religious in nature were limited to one hour of Bible instruction per day and attending religious ceremonies with students only once per year. The question is "controlling" because, if the Second Circuit were to reverse this court's order finding the ministerial exception to be applicable, the action against the Conference of Seventh-Day Adventists would be terminated as their decision to fire plaintiff would be immune from Title VII challenge. As to the second prong of the test, the certified issue would have precedential effect because this court's order was the first to analyze an employment discrimination issue under the Religious Freedom Restoration Act ("RFRA") and to determine whether the common law ministerial exception should still apply in light of the Second Circuit's recent decision in *Hankins v. Light*, 441 F.3d 96 (2d Cir. 2006).

However, setting aside the existence of a controlling question of law, defendant's motion fails on the issues of whether substantial grounds for a difference of opinion exist and whether immediate appeal will materially advance the ultimate termination of the litigation. A mere claim that a district court's decision was incorrect does not suffice to establish substantial ground for a difference of opinion. *Wausau Bus. Ins. Co. v. Turner Const. Co.,* 151 F. Supp. 2d 488, 491 (S.D.N.Y. 2001). Rather, to satisfy this requirement there must be "substantial doubt" that the district court's order was incorrect. *N.F.L. Ins. Ltd. v. B & B Holdings, Inc.,* No. 91 Civ. 8580, 1993 WL 255101, at *2 (S.D.N.Y. July 1, 1993) (Leisure, J.) (quoting S. Rep.No. 85-2434 (1958), *reprinted in* 1958 U.S.C.C.A.N. 5255, 5257); *see also In re Flor,* 79 F.3d 281, 284 (2d Cir. 1996). Here, defendant has not cited any conflicting legal authority to persuade the court that doubt exists,

much less substantial doubt, as to whether the ministerial exception applies when the only facts on the record regarding the religious nature of plaintiff's teaching duties are that she taught one hour of Bible study per day and attended religious ceremonies with students once per year.

Finally, termination of this litigation would not be materially advanced by certification. Many of the institutional values underlying our federal court system, such as the efficient use of judicial resources, are promoted by the final judgment rule. *National Asbestos Workers Medical Fund,* 71 F. Supp. 2d at 148; (*citing* Edward H. Cooper, *Timing as Jurisdiction: Federal Civil Appeals in Context,* 47 Law & Contemp. Probs. 157 (1984)); *see also McLish v. Roff,* 141 U.S. 661, 665-66 (1891) ("From the very foundation of our judicial system the object and policy of the acts of Congress in relation to appeals and writs of error . . . have been to save the expense and delays of repeated appeals in the same suit, and to have the whole case and every matter in controversy in it decided in a single appeal."). To determine whether an interlocutory appeal is an efficient use of judicial resources, the court must consider the benefits of further factual development and a complete record on appeal, particularly in a rapidly developing or unsettled area of the law. *Id.* at 163. The question of whether the "ministerial exception" applies in the context of a teacher in a religious school is a fact-intensive one. For instance, the court must consider if plaintiff's primary duties consist of "teaching, spreading the faith, church governance, supervision of a religious order, or supervision or participation in religious ritual and worship." *Rayburn v. Gen. Conference of Seventh-Day Adventists,* 772 F.2d 1164, 1169 (4th Cir. 1985). At this stage in the litigation, the only facts on the record are that plaintiff taught one hour of Bible study per day and attended religious ceremonies with students once per year. Furthermore, this area of the law is unsettled given the Second Circuit's recent decision in *Hankins* and the limited case law that currently exists on how

4

to analyze an employment discrimination issue under the RFRA. Accordingly, judicial economy would not be advanced by appeal at this stage in the litigation, before full discovery has taken place, particularly given the unsettled nature of this area of the law.

In light of the federal policy against piecemeal or premature appellate review and given that an order denying a motion for summary judgment is ordinarily not appealable, defendant's motion requesting certification of this court's order dated July 26, 2006 so that defendant may seek an interlocutory appeal is denied.

SO ORDERED.


DATED:     Brooklyn, New York
              September 25, 2006

                                              _____/s/_____
                                                  DORA L. IRIZARRY
                                               United States District Judge